STATE OF CONNECTICUT *v.* PAUL COPP

The defendant's petition for certification for appeal from the Appellate Court, 54 Conn. App. 695 (AC 17373), is denied.

BERDON, J., dissenting. I would grant certification to appeal on the following issue: Whether the Appellate Court was correct in refusing to review the defendant's claim that there was a violation of the right to self-representation, a denial of due process, or an abuse of discretion when the trial court denied the pro se defendant, Paul Copp, a ten minute recess to reflect on what the state had said in its closing argument before he was required to give his closing argument?

Although the defendant did not argue before the trial court that by failing to allow him the ten minutes, the court deprived him of his rights to self-representation and due process, he specifically made the request to the trial court. Indeed, the Appellate Court itself conceded that "[b]efore the state gave its closing argument, *the defendant requested a ten minute continuance to 'gather [his] thoughts'* after the state's argument and before his closing." (Emphasis added.) *State* v. *Copp*, 54 Conn. App. 695, 704, 736 A.2d 941 (1999). It is incredible that the Appellate Court did not at least determine whether it was an abuse of discretion to deny the ten minute recess when that court conceded that the record indicated such a request was made.

The right to closing argument is fundamental and guaranteed by the state constitution. Conn. Const., art. I, § 8 ("[i]n all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel"). As early as 1880, this court recognized: This "right so guaranteed is of inestimable value, not alone to the accused, to prevent any perversion of law or fact affecting his life, liberty or property, but to the court and the

cause of incorruptible justice as well. We would not therefore abridge by one jot or tittle so precious a privilege." *State* v. *Hoyt*, 47 Conn. 518, 535 (1880); see *State* v. *Plaskonka*, 22 Conn. App. 207, 210–11, 577 A.2d 729, cert. denied, 216 Conn. 812, 580 A.2d 65 (1990). "It can hardly be questioned that closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective versions of the case as a whole. Only then can they argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions. And for the defense, closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt." *Herring* v. *New York*, 422 U.S. 853, 862, 95 S. Ct. 2550, 45 L. Ed. 2d 593 (1975).

Even the most experienced trial attorney, let alone a pro se litigant, needs a few minutes to gather her thoughts. It is within the discretion of the trial judge whether to grant such time for reflection. The abuse of that discretion must be determined within the context of each case. This case was no small claims court matter. The defendant was convicted of assault in the second degree with a motor vehicle in violation of General Statutes § 53a-60d and operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a, for which he received an effective sentence of five years.

In view of the importance of final argument and its constitutional underpinnings, I would grant certification to appeal the issue of whether the denial of the defendant's request for a ten minute recess to gather his thoughts before responding to the state's argument was an abuse of discretion and violated the defendant's constitutional rights.

Accordingly, I dissent.

*Neal Cone*, assistant public defender, in support of the petition.

*John A. East III*, in opposition.

Decided December 7, 1999